IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAMUEL BURLESON #1398100 | § | |
| | § | |
| V. | § | A-17-CA-075-LY |
| | § | |
| THE STATE OF TEXAS, WILLIAMSON | § | |
| COUNTY DISTRICT COURT, | § | |
| US DISTRICT COURT, and TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges:

> Quite Simply "Federal & State Record" of the Attached Recorded 'Receipt' Exhibit "A" is completion of 15 USC 1501 and Superior Lien Claim & Interest on said Plaintiff property along with a Bona Fide Contract between Plaintiff and Defendants recorded in US DISTRICT COURT 1:13-CV-379-LY 6/24/2013 Document #9 (Attachment) with All defendants 'admitting' and 'tacitly acquiesing [sic] to their' <u>Acts</u> Crimes recorded by Certified Mail No. 5 and their reciepts [sic] . . . Simply Pull

1

the Records LOOK for yourself Walker County Public Record Document 00025169 Volume 01248 Page 00354 11/15/2016

This Case is Open and Shut. <u>The Records Stand Alone</u> Defendants cannot Rebut and must Waive the 400$ filing fee said requirement will result in another suit to recover 1.5 Million for Misapplication of the statute and for injury. We must it is our duty.

Plaintiff sues the State of Texas, the Williamson County District Court, the United States District Courts for the Western and Southern Districts of Texas, and the Texas Department of Criminal Justice. He seeks:

Immediate Release of Property held by State 'Arm' TDCJ with Permanent Injunction against TDCJ. Ownership Rights of State of Texas to Govern as Govenor [sic] (No Term Limit) Expungement of all Criminal/Judicial Records Attached, NCIC, TCIC, DMV, DPS, TDCJ, FBI, Immediate Release of property Indentured in Escrow and pursuant to Trezevant v. City of Tampa 1.6 million per day times triple damages and compensations Maximum allowed by 15 USC 150 by its Agents (450 Billion USD Sum Certain Required) money of Account, a taxpayer cost 2.4¢-4.8¢

## DISCUSSION AND ANALYSIS

A.   <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog

the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Eleventh Amendment Immunity</u>

Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state agency unless that state has waived its sovereign immunity or Congress has clearly abrogated it. Moore v. La. Bd. of Elementary and Secondary Educ., 743 F.3d 959, 963 (5th Cir. 2014). The State of Texas and the Texas Department of Criminal Justice are immune under the Eleventh Amendment from Plaintiff's suit. See Talib v. Gulley, 138 F.3d 211, 213 (5th Cir. 1998); Littles v. Bd. of Pardons & Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

The Williamson County District Court is an agency, arm, or instrumentality of the State and is also cloaked with Eleventh Amendment Immunity. Curry v. Ellis County, Tex., No. 3:08-CV-1675-L, 2009 WL 2002915 (N.D. Tex. 2009).

    C.    <u>Sovereign Immunity</u>

Plaintiff's claims against the U.S. District Court are construed as claims brought against the United States. They are barred by the doctrine of sovereign immunity. Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72 (2001); FDIC v. Meyer, 510 U.S. 471, 486 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of jurisdiction pursuant to 28 U.S.C. § 1915(e).

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 23rd day of February, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE